IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jon Marquis,                                          Case No. 5:10 CV 542

                      Petitioner,              MEMORANDUM OPINION
                                               AND ORDER
          -vs-
                                               JUDGE JACK ZOUHARY
Francisco Pineda, Warden,
Hocking Correctional Facility,

                      Respondent.


**INTRODUCTION**

Pending is the Petition of Jon Marquis for a writ of habeas corpus under 28 U.S.C. § 2254
(Doc. No. 1).  Marquis is currently incarcerated at the Hocking Correctional Institution, where he is
serving a 10-1/2 year sentence.  The sentence was imposed by the Stark County Court of Common
Pleas in April, 2004, after Marquis pled guilty to two counts of third-degree felonies of theft by
deception, one count of fourth-degree felony of theft by deception, and two counts of bad checks.

In his Petition, Marquis raises a single ground for relief related to his sentencing.  The State
argues that the Petition should be dismissed because the claim presented by Marquis is barred by the
one-year statute of limitations established by 28 U.S.C. § 2254.  For the reasons that follow, the
Petition is dismissed.

### STATEMENT OF FACTS AND BACKGROUND

The following facts were found by the Ohio appellate court (Doc. No. 9, at 62–73), and are presumed correct. *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

In December 2003, Jon Marquis was arrested on several active warrants dating from 2002. These warrants concerned theft and passing bad checks. A grand jury indicted Marquis on two counts of third-degree felonies, one count of a felony of the fourth-degree, and three counts of passing bad checks. Marquis, through counsel, entered a plea of guilty to all six counts. The Stark County Court of Common Pleas sentenced Marquis to 10-1/2 years. The sentences for each count were ordered to run consecutively.

Following his guilty plea and sentencing, Marquis appealed his sentence to the Fifth District Court of Appeals raising one assignment of error:  The trial court abused its discretion and violated statutory sentencing guidelines in imposing consecutive sentences, non-minimum sentences, and maximum sentences upon the appellant. The court of appeals overruled this assignment of error, affirming the sentence.

Marquis filed a *pro se* notice of appeal to the Supreme Court of Ohio in December 2009 -- over four years after Marquis' sentencing was upheld by the court of appeals-- and also filed a motion for leave to file a delayed appeal from the March 2005 appellate decision.

In his motion for leave, Marquis admitted that, following his original appeal, he was aware of the 45-day time restriction to appeal to the Supreme Court of Ohio. Despite that knowledge, Marquis claimed he was informed that the public defender's office could not file his appeal and further claimed that he was unsuccessful in finding an attorney -- both facts leading Marquis to assume that he could go no further with an appeal. Although Marquis told the Ohio Supreme Court that he realized he could

2

file a delayed appeal, he maintained that he was again unsuccessful in finding an attorney or law student to represent him, thus resulting in the *pro se* filing.  In January 2010, the Supreme Court of Ohio denied Marquis' motion and dismissed his appeal.

In March 2010, Marquis filed a *pro se* Petition for a Writ of Habeas Corpus.  In this Petition, Marquis claims ignorance as to the proper form for the petition and summarized his grounds for relief under one heading:

> I believe according to 2 U.S. rulings and the reason that my offenses occurred because of a financial failure on my part.  There was no desire or defraud. I was unable to complete contracts I had for home improvements.  Also the fact that I'm a first offender and my sentences should have run concurrent not consecutive which is supported by the 2 US rulings I should have got minimum sentences. Also the judge used 40+50 yr. old charges to enhance a longer sentence (Doc. No. 1, p. 4).

The State argues in its Motion to Dismiss that the Petition was not timely filed.  The State observes that the commencement of the limitations period was the date that Marquis' conviction became final either by the conclusion of direct review or the expiration of time for seeking such review.

The State contends that Marquis' conviction became final on March 7, 2005, when his original appeal was overruled by the court of appeals and his conviction affirmed.  Following this ruling, Marquis had a 45-day period in which to appeal to the Ohio Supreme Court.  Marquis took no such action, and the time period expired on April 21, 2005, forty-five days after the March 7, 2005, appellate court decision.

The State also argues that equitable tolling does not extend to allow the delayed appeal. Because there is a four-year gap between the expiration of the forty-five-day window and his eventual appeal, Marquis cannot show that he was diligently pursuing his rights.  Moreover, although Marquis offered a variety of excuses for his delayed appeal to the Ohio Supreme Court, the State asserts there

are no extraordinary circumstances for any of these excuses.  Under the assumption that Marquis would offer the same excuses as reasons for his failure to file a federal habeas petition within the statute of limitations, the State argues that Marquis would thus be unable to support any basis for equitable tolling.

**ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year period of limitation for habeas petitions filed by persons in custody by a state court order. That limitation period runs from the latest of the following events:

(a)　　the date on which the judgment against the petitioner became final, i.e, the date on which the time for seeking direct review expired;

(b)　　the date on which any impediment to filing a federal habeas application was removed by the state;

(c)　　the date on which a newly enacted constitutional right was created and made retroactive to cases on collateral review; or

(d)　　the date on which the factual predicate of the claim or claims presented could have been discovered by due diligence.  28 U.S.C. § 2244(d)(1)(A)-(D).

This limitations period may be statutorily tolled, however, during this one-year time period. Specifically, the statute provides that the time during which a "properly filed" application for post-conviction relief is pending in state court shall not count against the one-year limitations period. 28 U.S.C. § 2244(d)(2).  However, as is well-settled, where a state post-conviction petition was not timely filed as a matter of state law, that motion is not "properly filed" for purposes of federal statutory tolling and cannot toll the one-year limitations period.  In addition, even a properly filed motion for

4

state post-conviction relief does not serve to restart a one-year limitations period if that period has already expired.  *Pace v.DiGuglielmo*, 544 U.S. 408, 413–14 (2005).

Simply put, the limitations period applicable to Marquis ended on April 21, 2006, nearly four years before he filed his present federal habeas petition and he is unable to restart the clock.  *Vroman v. Brigano*, 346F. 3d 598, 602 (6th Cir. 2003).  At best, a petitioner may pause a running clock with a properly filed post-conviction petition, or later excuse any untimeliness by establishing equitable tolling.  Petitioner has done neither.

### CONCLUSION

For the foregoing reasons, the Petition is dismissed and Defendant's Motion to Dismiss is granted.  Furthermore, under 28 U.S.C. §§ 1915(a) and 2253(c), this Court certifies that an appeal of this action could not be taken in good faith and that Petitioner has failed to make a substantial showing of the denial of a constitutional right.  Therefore, this Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

___s/ *Jack Zouhary*___
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 30, 2010

5